UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMON ALLEN CURTIS, | No. C 06-7812 MHP (pr) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| KEN GARCIA, warden, | |
| Respondent. | |

## INTRODUCTION

Raymon Allen Curtis, currently on parole in Mendocino County, California, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. This matter is now before the court for consideration of the merits of the pro se habeas petition. For the reasons discussed below, the petition is denied.

## BACKGROUND

On April 2, 2004, Curtis pled guilty to possession of a controlled substance for sale and admitted that he was armed with a firearm during the commission of the offense. See Cal. Health & Safety Code § 11378; Cal. Penal Code § 12022. Three weeks later, on April 23, 2004, Curtis was temporarily allowed out of jail to visit his sick father in a hospital. After excusing himself to use the restroom at the hospital, he absconded. After being apprehended again, Curtis pled guilty to escaping from jail. See Cal. Penal Code § 4532(b)(1). 6/3/04 RT 5.

On July 1, 2004, he was sentenced to a total of four years and eight months in prison. The term consisted of the upper term of three years on the drug offense, plus a consecutive one-year term for the firearm enhancement, plus eight months for the escape. In this petition Curtis challenges the upper term sentence he received for the drug offense.

In choosing the upper term sentence for the drug offense, the sentencing court found the following aggravating circumstances: (1) the "defendant's prior convictions are both numerous and of increasing seriousness," (2) the defendant "was on three separate grants of probation when he committed this offense," (3) the defendant's "prior performance on probation was unsatisfactory," and (4) the crime involved "an enormous amount of controlled substance." 7/1/04 RT 28; see Cal. Rule of Court 4.421(b)(2), (4), (5), (10). The court then balanced the aggravating circumstances against the mitigating circumstances and found that Curtis' attempt to escape outweighed the mitigating circumstances that Curtis "suffered from drug addiction and chronic mood disorder" and had admitted "wrongdoing at an early stage of the criminal process." 7/1/04 RT 28; see Cal. Rule of Court 4.423(b)(2), (3). Tthe court imposed a sentence of three years on the drug offense, plus one year for the firearm enhancement, plus eight months for the escape conviction.

Curtis appealed. The California Court of Appeal affirmed the conviction on July 22, 2005, and the California Supreme Court denied the petition for review on September 28, 2005.

**JURISDICTION AND VENUE**

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Mendocino County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The parties do not dispute that state court remedies were exhausted for the claim asserted in the petition.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

3

whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

Curtis claims that his Sixth and Fourteenth Amendment rights to a jury trial and to due process were violated when the upper term of three years for the drug offense was imposed. Curtis argues that he had the right to have the aggravating circumstances that supported the upper term sentence found by a jury and beyond a reasonable doubt, instead of by a judge. Since, in his case, the aggravating circumstances were found by the sentencing judge, Curtis contends he is entitled to habeas relief.

A.   Federal Constitutional Law

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were

4

unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. Id. at 860, 870-71. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 862. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in Apprendi. Id. at 871. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts. Id. at 868-69.

B.   Retroactivity of *Cunningham*

Cunningham had not yet been decided when Curtis' sentence became final. Respondent argues that granting relief under Cunningham would violate Teague v. Lane, 489 U.S. 288 (1989). In Teague, the Supreme Court held that a federal court generally may not grant habeas corpus relief to a prisoner based on a new constitutional rule of criminal procedure announced after his conviction and sentence became final. Id. at 310. The Ninth Circuit recently determined that Cunningham is not a new rule as to which Teague applies. Butler v. Curry, 528 F.3d 624 (9th Cir. 2008). In Butler, the Ninth Circuit determined that the Supreme Court's decision in Cunningham was compelled by Sixth Amendment case law – including Apprendi, Blakely, and Booker – existing at the time Butler's conviction became final. Id. at 635. Due to the fact that Cunningham is not a new constitutional rule, Teague does not bar its application here. Cunningham's holding that upper term sentences may only be imposed when juries, not judges, find circumstances in aggravation beyond a reasonable

1 doubt applies to Curtis' sentence even though <u>Cunningham</u> was decided a few years after his
2 conviction became final.

C. <u>Analysis</u>

To determine whether to impose the lower, middle or upper term sentence for a crime under California's DSL, the sentencing judge considers the aggravating circumstances and mitigating circumstances relating to the crime and defendant.  <u>See</u> Cal. Rule of Court 4.420, 4.421, 4.423.

Curtis' upper term sentence was based, in part, on his prior convictions.  7/1/04 RT 28.  Prior convictions represent a narrow exception to the constitutional right to a jury determination of sentencing factors.  <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 244 (1998).  In <u>Almendarez-Torres</u>, the United States Supreme Court carved out a "prior conviction exception" that has been consistently recognized.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 490 ("In sum, our reexamination of our cases in this area, and of the history upon which they rely confirms" that the right to a jury applies to all sentencing factors, "[o]ther than the fact of a prior conviction.")  Recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence."  <u>Almendarez-Torres</u>, 523 U.S. at 244.  "[T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'going to punishment only.'"  <u>Id.</u> at 244.

Consistent with <u>Almendarez-Torres</u>, the trial court was allowed to find that Curtis had prior convictions.  His prior convictions allowed the imposition of the upper sentence. <u>Butler</u>, 528 F.3d at 643 (noting that "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence," and that is permissible under the Constitution).  The Sixth Amendment allows trial courts to exercise discretion and take "into consideration various factors relating both to offense and offender" when "imposing a judgment *within the range* prescribed by statute."  <u>Id.</u> (quoting <u>Apprendi</u>, 530 U.S. at 481). The Ninth Circuit concluded that "if at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth

6

Amendment, [petitioner's] sentence does not violate the Constitution." Id. Therefore, as it was within the trial court's discretion to sentence Curtis to the aggravated term based solely upon his prior convictions, Curtis' sentence is constitutional regardless of "[a]ny additional factfinding. . . [for the] section of a sentence within the statutory range." Id. The fact that the trial court also found three other aggravating circumstances and two mitigating circumstances, and then balanced them to determine whether to impose the upper term sentence on Curtis does not invalidate the sentence because the finding of the prior convictions legally allowed the sentence to be an upper term sentence. See Butler, 528 F.3d at 649 ("[w]ith regard to a Sixth Amendment sentencing violation,. . . the relevant question is not what the trial court *would* have done, but what it legally *could* have done.") "That the judge might not have done so in absence of an additional factor does not implicate the Sixth Amendment." Id. at 649.

There was no violation of Curtis' right to a jury trial or proof beyond a reasonable doubt when the judge sentenced him to an upper term sentence. Although Curtis had a right to a jury trial to find factors in aggravation of his sentence, this right did not apply to the fact of a prior conviction. See Almendarez-Torres, 523 U.S. at 244. Because there were prior convictions in the record, the judge was legally able to sentence Curtis to the upper term regardless of what other factors could have been found by a jury. See Butler, 528 F.3d at 643.

Even if there was error, it was harmless. An Apprendi error is subject to harmless error analysis. See Washington v. Recuenco, 126 S. Ct. 2546 (2006). The proper framework for the harmless error analysis is found in Neder v. United States, 527 U.S. 1 (1999). See Recuenco, 126 S. Ct. at 2551-53; United States v. Zepeda-Martinez, 470 F.3d 909, 910 (9th Cir. 2006):

> Under Recuenco and Neder, an error is harmless if the court finds beyond a reasonable doubt that the result "would have been the same absent the error." Neder, 527 U.S. at 19. Neder explained that where the record contains "overwhelming" and "uncontroverted" evidence supporting an element of the crime, the error is harmless. id. at 17, 18. Conversely, the error is not harmless if "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding." Id. at 19.

7

Zepeda-Martinez, 470 F.3d at 913 (parallel citations omitted). Zepeda-Martinez and Neder were direct appeal cases and therefore articulated a standard slightly differently than that applicable in a habeas action where relief is not available unless the trial error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Under the framework identified in Neder and Zepeda-Martinez, this court looks at the record to consider the state of the evidence in support of the sentencing factor to determine whether the error was harmless.

The trial court found, as an aggravating circumstance, that Curtis had prior convictions that were "numerous or of increasing seriousness." Cal. Rule of Court 4.421(b)(2). The record contains overwhelming support for this finding. Most importantly, the probation officer's report listed fifteen prior convictions Curtis had suffered. CT 45; see People v. Towne, No. S125677, 2008 WL 2521718, at *5, *9 (Cal. June 26, 2008) (probation report reciting information about defendant's convictions used to prove aggravating circumstances for sentencing purposes). The probation officer's report was corroborated by statements by Curtis' attorney and Curtis that they agreed he had a prior criminal history. In Curtis' sentencing memorandum, his attorney described Curtis as a person with "various misdemeanor offenses which he is presently on probation for." CT 26. Even in his own words, in a letter written to the trial court, Curtis acknowledged his past troubles with probation. CT 57. His admission of probationary status impliedly acknowledge an underlying conviction because "probation" by definition is a sentence that is imposed upon the entry of a conviction and that is usually in lieu of a period of incarceration.

Butler does not preclude reliance on the probation information in Curtis' case because the probation information was used for a different purpose in this case. Here, Curtis' admission that he had failed on probation was probative of the existence of a prior conviction rather than, as in Butler, the defendant's probationary status at the time of commission of the current crime. See Butler, 528 F.3d at 645-46 (the fact of the defendant's probationary status at the time of the crime could not be found by a trial judge because "[t]he fact that a

defendant was on probation at the moment of the current crime. . . is not reflected in the documents of a prior conviction, nor, for that matter, may it be conclusively inferred from those documents.") In summary, even if there was an Apprendi error in the judge rather than the jury making the determination, it was harmless error because there was overwhelming evidence supporting the finding of numerous prior convictions.

The California Court of Appeal affirmed the sentence in reliance on a case that later was vacated in connection with the Cunningham decision, i.e., People v. Black, 35 Cal. 4th 1238 (Cal. 2005), vacated and remanded, Black v. California, 127 S. Ct. 1210 (2007), on remand, People v. Black, 41 Cal. 4th 799 (Cal. 2007). Even though the California Court of Appeal reached a different conclusion on an issue of law than the U.S. Supreme Court, that would at most require that this court not defer to the decision under 28 U.S.C. § 2254(d). However, there still must be a violation of the petitioner's constitutional rights for habeas relief to be granted. Here, there was not. Curtis is not entitled to the writ.

## CONCLUSION

Curtis has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 15, 2008

Marilyn Hall Patel
United States District Judge